CHARLES B. WELLS, Appellant, *v.* ANGUS McCULLOCK et al., Appellees.

APPEAL FROM KANE.

An acquittal, or other legal discharge of a party indicted under the criminal code, absolves him from the payment of all costs.

THIS was an appeal from the decision of the Circuit Court of Kane county, made by T. L. DICKEY, Judge, at November term, 1850, upon a motion to quash a fee-bill issued by the appellant, who was clerk of the Circuit Court, against appellees, who had been indicted, tried, and acquitted for malicious mischief.

The indictment was found in the Kane Circuit Court, and taken by change of venue to McHenry county.

The fee-bill was issued for fees due to the clerk of the Kane Circuit Court. The fee-bill was levied by the sheriff of Kane county after thirty days' demand, on certain land which was sold and purchased by the clerk of the court, the present appellant. After the sale of the land, the defendants in the indictment not having paid the fee-bill, nor replevied the same under

the statute, made their motion to quash the fee-bill, because there was no judgment, because they were not liable, and because the clerk had not authority to issue a fee-bill against them. The Circuit Court sustained the motion to quash; which is the error assigned by Wells, who brings this appeal.

GLOVER & COOK, for appellant.

CHAMPLIN & WALLACE, for appellees.

CATON, J. The single question in this case is, whether a party who is indicted, under the criminal code, and is acquitted upon trial, is liable for costs which he has made in his defence. We think the statute has exempted him from the payment of such costs. In the eighth section of ch. 41, Rev. St., this provision is found: "And in all criminal cases where the defendant shall be acquitted, or otherwise legally discharged without payment of costs, the clerk shall receive such compensation as the county commissioners shall order, not exceeding thirty dollars per annum." In connection with this statute, it may be proper to refer to the ninth section of the thirteenth article of the new Constitution, which, so far as I shall quote, was substantially copied from the ninth section of the eighth article of the old Constitution which was in force at the time this law, and one I shall hereafter refer to, were passed. It is as follows: " That in all criminal prosecutions the accused hath a right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face; to have compulsory process to compel the attendance of witnesses in his favor," &c. The design of this provision of the Constitution was to secure to every one prosecuted for a crime every just facility for a fair trial, and that he should have the means of making his defence, whether he was able to pay for it or not; and to withhold from him compulsory process to compel the attendance of his witnesses, until he had paid for such process, would be a manifest violation of this provision, which, with the one hereafter referred to, by a reasonable construction also secure to him the right to have such process served and obeyed upon the same

terms. The legislature, in the same spirit of justice and liberality which prompted the insertion of this provision of the Constitution, saw fit to exempt innocent parties who are wrongfully prosecuted for criminal offences from the payment of all costs, and to throw the burden of the defence as well as of the prosecution upon the counties, which are required to make an annual allowance, in lieu of the taxable costs in such cases. In the fourteenth section of the same chapter of Rev. St. we find substantially the same provision in relation to sheriffs' costs. It is as follows: " In all criminal cases, where the defendant shall be acquitted or otherwise legally discharged without payment of costs, the sheriff shall not be allowed any fees; but the Commissioners' Court shall annually allow the sheriff such compensation for *ex officio* services, not exceeding thirty dollars a year, as they shall think proper." The language of the statute is a little stronger, in relation to sheriffs, than it is in relation to clerks of the Circuit Court; but the intention of the legislature was manifestly the same. Neither shall be entitled to any fees where the defendant shall be acquitted or otherwise legally discharged, without payment of costs, but in lieu thereof, an allowance is to be made by the county. An acquittal, or other legal discharge, absolves the defendant from the payment of all costs. Such is the obvious meaning and true interpretation of the law.

The case of Carpenter *v.* The People, (3 Gilm. 147,) does not conflict but is in harmony with this view of the statute. There, it was held that a party who was convicted in the Circuit Court was liable to the clerk of this court for costs which he had made in the prosecution of a writ of error to obtain a reversal of the judgment. That decision was placed expressly upon the ground that there is no statute exempting parties from the payment of such costs, and the difference between that case and this, is particularly adverted to in the opinion of the court. It is said, " there are some special provisions of the statute relative to the fees of the clerks of the circuit courts and sheriffs, in cases where the defendant is acquitted, but there are none which apply to the fees of the officers of this court in such cases."

It is the opinion of this court, that the Circuit Court decided properly in sustaining the motion to quash this fee-bill; and its judgment is affirmed.           *Judgment affirmed.*