## ALEXANDER MCARTHUR
### v.
## ISAAC ARTZ.

*Criminal Law—Misdemeanor—Appeal—Costs—Dissenting Opinion.*

Where the defendant prosecutes an appeal to the Circuit Court from a conviction before a justice in a prosecution for a misdemeanor, he can not be required to advance the fees of the clerk of the Circuit Court for docketing the cause.

[Opinion filed December 13, 1888.]

APPEAL from the Circuit Court of Mercer County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. S. D. C. HAYS, for appellant.

The general principle on the subject of costs is that the party who requires an officer to perform services, for which compensation is allowed, is, in the first instance, liable therefor. In legal contemplation he pays costs as they accrue. He is liable to pay them to the officer unless our statute expressly excepts his case from the operation of the general rule, and in a criminal case, a defendant, even when successful, is liable to pay his costs to the proper officer, when the costs accrue, by reason of an appeal taken by him. Neither does the ninth section of Article II of the Constitution exempt the defendant in a criminal prosecution from liability for costs.

The People ex rel. v. Harlow, 29 Ill. 43; Carpenter v. The People, 3 Gilm. 147.

" A judgment before a justice of the peace is final unless the law gives an appeal.  The Circuit Courts have no inherent power to try appeals from inferior tribunals, and can only entertain them by virtue of statutory power."  Skinner v. The Lake View Avenue Co., 57 Ill. 551.

Messrs. PEPPER & SCOTT, for appellee.

UPTON, J.  This was a criminal prosecution for misdemeanor, commenced by the people against appellee, before a justice of the peace of Mercer county, on two complaints, upon which two State warrants were issued, and upon which appellee was arrested.  Upon one of which, on hearing before said justice, the appellee was convicted, and upon hearing on the other was adjudged to pay the costs: from both of which said judgments an appeal was taken to the Circuit Court of Mercer county, under the statute granting appeals in such cases.

The appellant, clerk of that court, refusing to enter on the docket of such court the proceedings so appealed, without the payment of the fees allowed by the statute to clerks of circuit courts in this State for the docketing of causes in civil cases on appeal, and the appellee refusing to pay in advance therefor, a rule was obtained, on motion of appellee, from the Mercer Circuit Court, requiring the clerk to enter such appealed cases upon the docket of that court without the payment of his fees therefor in advance; from which judgment and order of the court the clerk appealed to this court.

By the errors assigned upon this record the only question presented is the liability of the appellee to pay the clerk's fees in advance, or as the same may accrue in proceedings of this character when brought by appeal from a justice's court.

We think the Constitution and the legislative enactments pursuant thereto have exempted appellee from the payment of such costs in advance.

The 19th section of the Bill of Rights in the Constitution of 1870 declares " that every person ought to obtain by law

right and justice freely, and without being obliged to purchase it," etc.

In prosecutions of the character here in question, appeals by law are allowed from the justices' judgments to the Circuit Court of the county in which such proceedings are had.

The evident design of the above provision of the Constitution was to secure to every person prosecuted for a criminal offense—who by law, before conviction are presumed innocent of the act charged—every just facility for a fair trial, and that such person should have the means of making his defense to such charge, whether he was of a sufficient pecuniary ability to pay therefor or not.

To withhold from such person the means of making such defense in the method allowed by law, whether by refusing process to enforce the attendance of witnesses to repel charges of guilt, or in cases where proceedings are commenced before a justice of the peace, in refusing, on appeal, to place upon the docket of such appellate court such appeal—without which a re-trial of the charge could not be had—until the person so charged should pay the docket fees to the clerk of such appellate court therefor, would, in our judgment, be a manifest violation of the letter and spirit of the Constitution, before cited.

This becomes, in our judgment, the more apparent when it is considered that the judgment in the justice court, in cases of the character here in question, may subject the appellee to imprisonment in the county jail not exceeding one year. That by the appeal, as provided by law, the judgment in the justice court is vacated, and a trial *de novo* is given to the condemned party, appellant in the Circuit Court.

This is a substantial and important right granted to such person by the law of the State. In this rightful endeavor to obtain justice in the matter of such prosecution, and before such person can be lawfully condemned or punished, whether in person or property, for an alleged violation of law, he should and ought to be allowed the right of trial as to the truth and justice of the charges alleged against him, in the several courts of the State wherein, by law, the subject-matter

thereof is cognizable, whether such courts are of original or appellate jurisdiction, and that, too, without the payment of fees in advance to the officers of such courts, or, in the language of the Constitution, "without purchasing that justice."

By the appeal the two causes so adjudged against appellee were in the Circuit Court, and he had the same right to prosecute his appeals in that court as he would have had in the case of an indictment in the Circuit Court, and, in our judgment, the appellant might as well require the payment of fees in advance of issuing subpœnas for appellee's witnesses on the trial of said appeal after the same had been placed upon the docket of the Circuit Court, as to require docket fees in advance for the docketing of appellee's appeal from the justice.

It was in consonance with the same spirit of justice which prompted the insertion of the provision of the Constitution before cited, that the Legislature saw fit to exempt innocent parties who are wrongfully prosecuted for criminal offenses, from the payment of all costs, and to throw the entire burden of the defense as well as the prosecution upon the several counties of the State wherein proceedings are commenced.

The 17th section of Chap. 33, Starr & Curtis, title, Costs, prescribes that if, in any case of the people, the charge is not made out, or proved, or when verdict is rendered against the plaintiff, the defendant shall recover no costs.

If the defendant can not recover costs when discharged or acquitted, and be compelled to advance or pay costs which he can in no event recover, would it not be manifestly a purchase of justice without consideration even?

Sec. 444 of Chap. 33, *supra*, also provides that the defendant, in proceedings of the character here in question before the justice of the peace, may have the truth of the charges against him tried by a jury in like manner as in civil cases, but the defendant is not required to advance the fees therefor as in civil cases before justices of the peace.

Sec. 15 of Chap. 53, R. S., title, Fees and Salaries, provides, that in all criminal cases where the defendant shall be acquitted, all the costs (including clerk's fees), shall be paid from the county treasury.

The intent of the Legislature doubtless was that an acquittal or other legal discharge absolved the defendant from any and all liability to pay costs, including clerk's fees, but instead thereof the clerk's fees were to be paid by the county, and to obtain such acquittal appellant was entitled of right to the consideration and judgment of all the courts of the State having jurisdiction of such proceedings, whether original or appellate, without the payment in advance of the costs therefor.    Wells v. McCullock, 13 Ill. 606; Carpenter v. The People, 3 Gilm. 147.

It is the opinion of this court that the Circuit Court decided properly in sustaining appellee's motion and in directing the appellant to enter upon the docket of such court the appeals in the record mentioned, without the payment to appellant of fees in advance therefor, and seeing no error in the record of proceedings below, the judgment is affirmed.

*Judgment affirmed.*

C. B. SMITH, J., dissenting.    I am not able to concur with either the argument or the conclusion of the majority of the court in the foregoing opinion.    If the principle involved was not of grave importance in the administration of criminal jurisprudence, I should content myself with a simple dissent; but regarding the opinion and judgment of the majority of the court as fraught with the gravest consequences, and imposing burdens upon the people in criminal prosecutions never contemplated by either the Constitution or the law framed under it, I feel it my duty to give my reasons for disagreeing with the majority of the court.

The record in this case discloses the fact that Isaac Artz, appellee, had been duly convicted according to law, upon two charges of misdemeanors, before a justice of the peace, upon a trial had, and that final judgment had been entered against Artz before the justice.

The justice had jurisdiction of the offenses charged and nothing is suggested in the record that he did not proceed according to the forms of law, nor is anything suggested that the defendant did not have allowed to him all the privileges

he was entitled to under the law.  In short, he had a trial on a criminal charge before a court having original jurisdiction and was duly convicted and judgment of conviction rendered against him.

From this final judgment he prayed an appeal to the Circuit Court, as he had the right to do, and when he requested the clerk to docket the transcript, the clerk demanded his fees before docketing, which appellee refused to pay, and a rule of court was entered compelling appellant to docket the cases without being paid his legal fees therefor, from which order the clerk appeals to this court.

I hold that, after appellee had been once convicted before a justice of the peace, he had then had his trial contemplated by the law, and that the judgment of the justice was just as final and binding on the defendant as it would be before the Circuit Court, until appealed from.  So long as that judgment stood against him he was not in the attitude of an innocent person.  He was already convicted of a criminal offense.  The Constitution and all the statutes quoted in the opinion of the majority of the court, relating to the rights of persons charged with crime, to have justice " freely " administered to them, and to have counsel assigned them, and to have process free and the services of the officers free, relate to a time anterior to the judgment of conviction.  It relates to the trial and to the proceedings leading to the trial.  A trial in the first instance upon a criminal charge, to ascertain the guilt or innocence of the accused, is a very different thing from an effort to obtain an appeal from a judgment of conviction.  After he has had a trial and been found guilty, his right to perfect an appeal at the expense of the officers of the court, or the people, ceases, and he must then pay his own way, certainly to the extent of perfecting his appeal to the Circuit Court, and other superior courts.  What his rights might be on a trial *de novo* after he had perfected his appeal and got it in the Circuit Court, is not involved in this controversy, and I express no opinion upon it.  The Supreme Court has expressly recognized this distinction in the case of Carpenter v. The People, 3 Gilm. 147.

The facts in that case were only different from the one at bar in this, that here the appeal was from a justice of the peace to the Circuit Court, and in that case the appeal was from the Circuit to the Supreme Court.

Carpenter sued out a writ of error to the Circuit Court and made a bill of costs in prosecuting his suit, and in the Supreme Court procured a reversal of the judgment. The clerk of the Supreme Court issued a fee bill against Carpenter for the costs he had made, and Carpenter entered a motion to quash the fee bill, insisting that he was not liable for costs in a criminal case, and quoted to the attentive ears of the Supreme Court the language of the Constitution, and the various enactments of the Legislature supposed to relieve criminals or supposed criminals of this State from the burden of paying costs in the various courts of the State, in their efforts to elude the ends of justice and escape convictions had against them in the trial courts, but the court denied the motion and held Carpenter liable to pay the costs he himself had made. Judge Treat in his opinion uses this language: " The general principle on the subject of costs is that the party who requires an officer to perform services for which compensation is allowed, is in the first instance liable therefor. In legal contemplation he pays the costs as they accrue. On this ground the successful party in civil actions recovers a judgment for his costs. The only difference between a civil and criminal case is that the successful defendant in the latter is not entitled to a judgment against the State for his costs. He is nevertheless liable to pay them to the officer unless our statute excepts his case from the operation of the general rule. There are some special provisions of the statute relative to the fees of the clerks of the Circuit Courts and sheriffs in cases where the defendant is acquitted, but there are none which apply to the fees of the officers of this court in such cases.

" The ninth section of the eighth article of the Constitution does not exempt the defendant in a criminal prosecution from liability for costs. It is the opinion of the court that Carpenter is liable for all the costs made by him in the prosecution of his writ of error."

McArthur v. Artz.

The question again came before the court in the People ex rel. Maus v. Harlow, 29 Ill. 43. In that case Mr. Chief Justice Caton said: "So far as we are advised it has been uniformly held both by the Supreme and Circuit Courts that the clerks may insist on their fees as their services are performed, and this we have no doubt is the law."

These two cases seem to me to be conclusive upon the point involved in favor of appellant. I have been unable to find any subsequent decision which in the slightest degree militates against the full force of these cases.

There is not only no statute relieving the appellee from the payment of these fees, but on the contrary there is a positive statute requiring him to do so.

Sec. 389, Chap. 38, R. S. 1887, provides: "The defendant may appeal from the judgment of the justice of the peace, in criminal cases, to the Circuit Court of the county, the appeal to be taken in the same time and manner and upon the same conditions and with like effect and like proceedings had thereon as in civil cases, except that no damage shall be allowed."

Now there can be, and is no claim, that if the case had been a civil one the defendant would have been compelled to pay all costs as they accrued, and the above section declares that defendants in criminal cases *shall* do the same thing.

Sec. 19 of the Bill of Rights of our Constitution, which provides that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay," which is relied on in the opinion of the majority of the court as justifying the defendant in prosecuting his appeal without costs to himself, I insist has no relation to the case, and can have none. The section of the Constitution quoted is broad and sweeping in its terms, and applies as well to civil as criminal proceedings, making no reference to either; and it is just as applicable in its florid and flamboyant provisions to civil as to criminal proceedings, and yet no one ever dreamed that he could go into a court with a civil case, and

have justice "freely" administered to him, even under the
broad mantle of the above clause of our Constitution.

If the defendant in this case had the legal right to have
the clerk docket these cases for him without charge, then that
right must be placed on the broad ground that it is placed upon
by the majority of the court, under the provisions of the Con-
stitution above quoted, that he shall obtain justice "freely,"
and the same rule of exemption will exempt not only him, but
every person ever convicted of high or low crimes in this
State; and he may prosecute his appeals and writs of error
from the lowest to the highest court in this State at the ex-
pense of the State and the officers of the courts.  Suppose he
is convicted in the Circuit Court; the judgment is no more
final than it was before the justice, and no more effective to
punish him.  He has a right to a writ of error from the Su-
preme Court and to have the record transferred to that court.

If he has the right to the services of the clerk to docket
his transcript, at a cost of perhaps fifty cents, free, he has pre-
cisely the same right to demand of the clerk a transcript of
the record free with which to go to the Supreme Court, with-
out reference to the size of the record or the amount it would
cost the clerk to prepare it, and by the same right compel the
clerk of the Supreme Court to docket his case and issue the
necessary process free of charge, notwithstanding the rule of
the Supreme Court requiring a docket fee.

But this claim has been expressly denied in Carpenter v. The
People, 3 Gilm. 147, *supra*.  Such a rule or such a claim of
right to the services of the clerks of courts free, by convicted
criminals in search of appeals and writs of error, after convic-
tion, would involve, in many important criminal cases, most
serious and ruinous consequences upon clerks.  The convicted
anarchists of Chicago might have said with the same propri-
ety and the same legal right, to the clerk of the Criminal
Court of Cook County, that they required the record of their
trial, containing many thousand pages, transcribed free of all
expense to them, which the defendant in this case required of
the clerk below—that his services must be rendered free.  The
difference is only in the magnitude of the work, and not in the
principle involved.

Nor does the fact that the trial and conviction was had in different courts make any difference in principle, for the incredible logic of the contention of the defendant is, that he is exempt everywhere from liability for costs in a criminal proceeding against him. The mere circumstance that he is in one court or the other has no significance, nor does the constitutional provision above quoted and relied on by the majority of the court, make any distinction as to time, place or circumstances, to which the "*free*" administration of justice shall be limited.

There is no provision in the Constitution or any of the statutes, that a person convicted of a criminal charge shall have the services of officers free in one court, but that he shall pay for them in another. If he is protected in one court, then in all, and if not in all, then in none, except in cases *before* conviction, where positive and affirmative enactments relieve him from costs; but this case is not within that exception.

The case of Wells v. McCullough, 13 Ill. 606, cited by the majority of the court in support of the judgment, I hold, has no reference to the case at bar, either in its facts or legal application, and does not support the judgment of the court.

The trial in that case was had on an original indictment, and the costs accrued in the progress of the trial before conviction, and the defendant was acquitted. The clerk of the court, after the trial was over, and after defendant was discharged, issued a fee bill against the defendant for costs made during the progress of the trial and in its preparation.

A motion was made to quash the fee bill, which was allowed. This ruling was held correct under the eighth section of Chap. 41, R. S., in which is this provision: "And in all criminal cases where the defendant shall be acquitted, or otherwise legally discharged without payment of costs, the clerk shall receive such compensation as the County Commissioners shall order, not exceeding $30 per annum."

And in this same case the court refer to Carpenter v. The People, 3 Gilm. 147, and say there is no conflict between the cases, and re-affirmed the Carpenter case.

Had Wells been convicted, as was Artz in this case, and a final judgment passed against him, then the case would have been like the one at bar, and the opinion of the court the same as it was in Carpenter's case, *supra*.

For these reasons I am unable to concur with the majority of the court and think the judgment ought to be reversed.