(No. 45091.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HIPOLITO VIRELLA, JR., Appellee.

*Opinion filed October 1, 1973.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago (ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

LEO E. HOLT, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

This appeal from an order of the circuit court of Cook County has been brought by the State's Attorney of Cook County under Rule 302(a), which provides: "Appeals from final judgments of circuit courts shall be taken directly to the Supreme Court (1) in cases in which a statute of the United States or of this State has been held invalid, ***." (Ill. Rev. Stat. 1971, ch. 110A, par. 302(a).) The State's Attorney's position is that sections 1 and 4 of the act relating to fees in third class counties (Ill. Rev. Stat. 1971, ch. 53, pars. 71 and 74) were, in effect, held unconstitutional in the course of a criminal proceeding in the circuit court. These sections relate to fees of officers in "Counties of Third Class," that is, counties containing a population exceeding 500,000. Ill. Rev. Stat. 1971, ch. 53, par. 30.

Under section 1 (par. 71) "The officers herein named *** shall be entitled to receive the fees herein specified, for the services mentioned *** Fees for Sheriff *** For serving a subpoena on each witness, $3. *** For returning each writ of process, $2. Mileage for service of all process, 8 cents per mile each way necessarily traveled in making such service computed from the place of holding court." Section 4 (par. 74) provides: "The sheriff and recorder of deeds shall, in all cases, be entitled to demand the payment of all fees for services in advance, so far as the same can be ascertained."

On March 17, 1972, the defendant, Hipolito Virella, Jr., who was under indictment for murder, filed a motion

with the trial judge to compel Richard J. Elrod, the sheriff of Cook County, to serve certain subpoenas. Virella alleged that on March 15, 1972, he tendered twelve subpoenas to deputies of the sheriff of Cook County for service upon persons he proposed to call as witnesses in his behalf and that the deputies refused to accept them unless and until the sheriff's fee for the service of said subpoenas had been paid. Claiming that the refusal to accept and serve these subpoenas denied him his sixth-amendment right to compulsory process for the attendance of witnesses, Virella asked the court to "enter an order upon the Sheriff of Cook County, Illinois to forthwith serve said subpoenas and make his return thereon to this Honorable Court."

The State's Attorney opposed the motion, saying that as Virella did not claim that "he is indigent or lacks the funds necessary to satisfy the fee," he was not entitled to the service of the subpoenas without paying the service fees in advance. It was stipulated that there was an administrative order of the sheriff of Cook County which called for the payment of fees in advance by defendants in criminal cases for the service of subpoenas. It is clear that if Virella were indigent the fees would have been waived and the subpoenas would have been served without charge. Virella was represented by privately retained counsel and made no claim of being indigent.

After having taken the motion under consideration, Judge Earl E. Strayhorn, the trial judge, entered the following order:

> "Now therefore it is hereby ordered that RICHARD ELROD, Sheriff of Cook County, Illinois, his agents, servants, employees and successors, and each of them, be, and hereby are, enjoined from collecting or receiving a fee for the service of process on behalf of any person accused of a criminal offense and under indictment or information pending in the Circuit Court of Cook County, Illinois, County Department, Criminal Division, *** unless said defendant pays the administrative costs for service of such subpoenas as a condition precedent to such service.

IT IS FURTHER ORDERED that this injunctive
order be, and the same is hereby made, permanent."

Responding to an inquiry by the assistant State's
Attorney, Judge Strayhorn stated it was his intention that
his order would be binding on the sheriff of Cook County,
not only in People v. Virella but in "any and all other cases
in which the Sheriff may be asked to serve subpoenas."

On this appeal the State's Attorney has taken the
position that the order entered absolutely enjoined the
sheriff of Cook County from collecting fees for the service
of subpoenas for defendants in criminal cases. The appellee
does not agree that this is the intent or effect of the order.
He says, and correctly, we judge, considering the language
of the order and the transcript of the proceeding, that the
order simply enjoined the collection in advance of fees as a
condition to the serving of subpoenas for a defendant
under a criminal charge.

The appellee, to support the trial court's order,
principally relies on language used by this court in 1852 in
*Wells v. McCullock, 13 Ill. 606, 607.* There this court
stated, after quoting from the Constitution of Illinois of
1848, " 'That, in all criminal prosecutions, the accused hath
a right to be heard by himself and counsel; to demand the
nature and cause of the accusation against him; to meet
the witnesses face to face; to have compulsory process to
compel the attendance of witnesses in his favor,' etc. The
design of this provision of the Constitution was to secure
to every one prosecuted for a crime every just facility for a
fair trial, and that he should have the means of making his
defense, whether he was able to pay for it or not; and to
withhold from him compulsory process to compel the
attendance of his witnesses, until he had paid for such
process, would be a manifest violation of this provision,
which, with the one hereafter referred to, by a reasonable
construction also secure to him the right to have such
process served and obeyed upon the same terms."

We do not, however, judge that this statement

supports the appellee's thesis that the sheriff of Cook County has no right to collect in advance for the service of subpoenas from one under indictment. We consider from it that the court was simply saying that every accused has a right to present his defense and the right to compulsory process for the attendance of his witnesses, whether he is able to pay or not for service of the process.

Also we would observe the setting in which the statement was made. In *Wells* the clerk of the circuit court of Kane County had sued to recover fees claimed to be due the clerk by the appellee, who had been indicted, tried and acquitted of the offense of malicious mischief. This court said that the single question before it was whether one who had been indicted and thereafter acquitted was liable for court costs. The court noted that a statute exempted defendants in criminal cases who were acquitted or otherwise legally discharged from the payment of costs and provided that the clerk of the court was to look to the county commissioners for payment. It was said: "We think the statute has exempted him from the payment of such costs." It can be seen that the case involved the question of liability after trial for court costs and that it was disposed of under a governing statute.

The appellee cites, too, an Attorney General's opinion (Attorney General Opinion No. 124, January 15, 1940) in which, after referring to section 4 (par. 74, ch. 53), which entitles the sheriff to demand fees in advance for services, it is said: "this right to demand the payment of fees in advance is subject to some exceptions and does not extend to process issued on behalf of a defendant in a criminal case."

However, the opinion's comment was based on *Wells v. McCullock, 13 Ill. 606,* which cannot be regarded as authority for prohibiting the sheriff of Cook County from collecting in advance in a criminal case from a nonindigent for the service of subpoenas. Too, the opinion was given in response to the following inquiry which had been directed

to the Attorney General: "Is the Sheriff obliged to serve a subpoena issued out of another county in a criminal case at the request of the defendant, who has no funds to employ an attorney and who has had an attorney appointed by the court?" The question before us is, of course, completely dissimilar. We are considering the cases of those who are not indigent. There is no dispute that the service fees for service of subpoenas for indigent defendants will be waived.

Apart from the argument based on *Wells v. McCullock,* the appellees contend that the requiring of the payment of fees in advance for the service of subpoenas is contrary to the sixth amendment of the United States Constitution and contrary to article I, section 8, of the Constitution of Illinois. Though contending the requirement constitutes an unconstitutional interference with the right to compulsory process, the appellees acknowledge that there is no case authority to support that proposition.

We do not consider that the sheriff's requirement, which does not extend to those who, unlike Virella, claim a financial inability to pay the fees, is contrary to provisions of either constitution. The circuit court of Cook County erred in holding that the administrative order of the sheriff of Cook County and, by indirection, section 4 (Ill. Rev. Stat. 1971, ch. 53, par. 74) were unconstitutional.

Accordingly, it is ordered that the order of the circuit court be and it is set aside.

*Order set aside.*